UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**                                      CIVIL ACTION

**VERSUS**

**MICHAEL THOMAS, ET AL.**                                       NO. 13-0299-JJB-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 17, 2013.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DERRICK SCOTT (#126372)**                              **CIVIL ACTION**

**VERSUS**

**MICHAEL THOMAS, ET AL.**                           **NO. 13-0299-JJB-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Medical Technician Michael Thomas, Dr. Collins, Medical Technician Gazpard and Secretary James M. LeBlanc, complaining that the defendants violated his constitutional rights in March, 2013, through deliberate indifference to his serious medical needs. Specifically, the plaintiff alleges that on or about March 17, 2013, he requested medical attention for "excruciating pain in the back of his neck and in the lower part of his back." He asserts that he was seen at that time by defendant Thomas but was not seen by a physician or informed when an appointment with a physician would take place. Approximately two weeks later, on April 1, 2013, the plaintiff again requested medical attention and was seen at that time by defendant Gazpard, who advised the plaintiff that it might take six to eight weeks before the plaintiff would be seen by a physician. Based upon this response, the plaintiff allegedly filed an "emergency grievance" directly to Secretary James LeBlanc. According to the plaintiff, when Secretary LeBlanc failed to respond to this grievance within forty-five (45) days, the plaintiff filed the instant lawsuit seeking to obtain needed medical attention.

Pursuant to 28 U.S.C. § 1997e, the plaintiff was required to exhaust administrative

remedies available to him at the prison prior to commencing a civil action in this Court with respect to prison conditions.[1]  This provision is mandatory and applies broadly to "all inmate suits about prison life".  Porter v. Nussle, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).  Further, a prisoner must exhaust administrative remedies by complying with applicable prison grievance procedures before filing a suit relative to prison conditions.  Johnson v. Johnson, 385 F.3d 503, 517 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  Woodford v. Ngo, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386, 165 L.Ed.2d 368 (2006).

Although administrative exhaustion is an affirmative defense which a prisoner plaintiff is not required to plead or prove in his Complaint, Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007), when it is apparent from the face of the Complaint that the plaintiff has failed to exhaust prison grievance procedures, a dismissal sua sponte is appropriate upon initial review for failure of the plaintiff to state a claim upon which relief may be granted.  See Carbe v. Lappin, 492 F.3d 325, 328, (5th Cir. 2007).

In this case, the plaintiff effectively admits in his Complaint that he failed to exhaust administrative remedies prior to commencement of the instant proceeding.  Specifically, he asserts that he filed an "emergency grievance" on or about April 1, 2013, and that Secretary LeBlanc failed to respond thereto within 45 days as mandated by prison rules.  The plaintiff asserts that, upon the Secretary's failure to respond to the grievance within 45 days, he was

---

[1] 42 U.S.C. § 1997e(a) provides: "No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

entitled to proceed to the next step in the process by filing the instant Complaint, which he did on or May 8 or 10, 2013.[2]

It appears that the plaintiff's assertions are in error. Initially, he is correct that, pursuant to the Louisiana Administrative Remedy Procedure, an inmate who is confronted with a matter of sufficient seriousness may bypass the normal administrative procedures and may file his grievance as one addressing a "problem of an emergency nature". See 22 La. ADC, Part I, § 325(J)(5). Such a grievance is submitted directly to the shift supervisor (instead of the warden's office as with a normal grievance, or to the Secretary of the Department as the plaintiff did in the instant case), who "shall immediately review the request and forward the request to the level at which corrective action can be taken." Id. Contrary to the plaintiff's assertions, however, there is no provision which dispenses with review at the First Step of the administrative process in the event of emergency grievances or dispenses with the normal time limits for resolving inmate complaints. These time limits provide generally for a 40-day period for prison officials to respond at the First Step of the administrative process, followed by, in the event of an inmate's appeal, a 45-day period for the Secretary of the Department to respond at the Second Step of the administrative process. See 22 La. ADC, Part I, §§ 325(J)(1) and (2). Although the plaintiff is correct that the applicable rules provide that a failure by prison officials to provide a timely response at any stage in the administrative process entitles the inmate to unilaterally proceed to the next step in the process, see 22 La. ADC, Part I, § 325(J)(4), the plaintiff did not allow

---

    2 Pursuant to the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for filing. Myers v. Swindle, 454 Fed.Appx. 322 (5th Cir. 2011), citing Cooper v. Brookshire, 70 F.3d 377 (5th Cir. 1995). In the instant case, the plaintiff signed his Complaint on May 8, 2013, and the Court will utilize this date as the likely date on which he submitted same to prison officials for filing. The Court notes, however, that the result in this case would be the same if the Court utilized the date that the plaintiff's Complaint was docketed in this Court, May 10, 2013.

sufficient time in the instant case for exhaustion of the process before he filed his Complaint. Accordingly, pretermitting consideration of the question whether the plaintiff's administrative grievance was appropriately filed as an emergency grievance, it is clear that he did not, by his own admissions, submit his grievance to either the warden or shift supervisor as required, did not unilaterally proceed to the Second Step of the administrative process, and did not allow sufficient time after the filing of his grievance before he commenced the instant lawsuit.[3] Accordingly, it is apparent from the face of the record that the plaintiff has failed to complete the administrative process, and his Complaint is subject to dismissal for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e.

## RECOMMENDATION

It is recommended that this action be dismissed, without prejudice, as a result of the plaintiff's failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e, but with prejudice to his refiling the same claim or claims in forma pauperis.[4]

Signed in Baton Rouge, Louisiana, on June 17, 2013.

　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　UNITED STATES MAGISTRATE

---

3  The plaintiff may be confusing a grievance which addresses an "emergency" issue with one which addresses a "sensitive" issue. See 22 La. ADC, Part I, §§ 325(J)(5) and (6).  A grievance which addresses a "sensitive" issue is one which addresses an issue that might adversely affect the inmate if the grievance were to become generally known.  Such a grievance may be filed directly to Secretary of the Department at the Second Step of the administrative process.

4  See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998).